[No. 28377. Department One. November 17, 1941.]

THE STATE OF WASHINGTON, *Respondent,* v. WILLIAM HUNTER, *Appellant.*[1]

*Bixby, Pemberton & Orloff,* for appellant.

*Edward E. Johnson* and *F. M. Hamilton,* for respondent.

MILLARD, J.—The defendant was, by an information, charged with the crime of grand larceny, in that he bought, received, concealed, and withheld the property described in the information, knowing the same

[1]Reported in 118 P. (2d) 947.

to have been stolen and wrongfully appropriated. From judgment entered upon a verdict of guilty, defendant appeals.

The statute (Rem. Rev. Stat., § 2601 [P. C. § 8944], subd. 5) provides that any person, who, knowing the same to have been so appropriated, shall buy, sell, receive, or aid in concealing or withholding any property wrongfully appropriated, shall be guilty of larceny. Counsel for appellant contend that the state failed to sustain the burden, imposed upon it by the above cited statute and by the terms of the information filed against appellant, of proving beyond a reasonable doubt that appellant had actual knowledge at the time he purchased same that the property in question was stolen.

The statute (Rem. Rev. Stat., § 2303 [P. C. § 8738], subd. 4) provides, respecting knowledge which must be brought home to a defendant at the time he purchased the goods, that

" . . . knowledge of any particular fact may be inferred from the knowledge of such other facts as should put an ordinarily prudent man upon inquiry."

The guilty knowledge of appellant could be found by inference from all the facts and circumstances surrounding appellant's acquisition of the stolen property. *State v. Salzman,* 186 Wash. 44, 56 P. (2d) 1005; *State v. Rubenstein,* 69 Wash. 38, 124 Pac. 135. Under the evidence, summarized as follows, the court was warranted in submitting the question of guilty knowledge to the jury, and the jury was warranted in finding that element was present, as a matter of fact, when appellant purchased the stolen property from his brother-in-law.

Early in 1940, appellant, a skilled mechanical engineer thirty-nine years old, resided at Marietta, near Bellingham. Appellant's brother-in-law (Valmore

Duval), who was not a mechanic and had been unemployed for more than a year, stole tools of the value of from two hundred and twenty-five to two hundred and fifty dollars from Joseph Goodwin of Bellingham, which tools were sold and delivered by Duval at night to appellant in two deliveries within a night or so subsequent to the theft. Appellant paid to his brother-in-law twenty-five dollars for the first lot and ten dollars for the second lot, or a total of thirty-five dollars for the stolen tools. Duval's story that he told appellant, his brother-in-law, that the tools belonged to a friend for whom he was selling same was not believed by the jury. When appellant moved from Marietta to Deer Harbor in the summer of 1940, he took the tools with him and used same. In December, 1940, Valmore Duval, his mother, and sister were arrested on a criminal charge. Duval admitted his guilt of larceny of the tools described in the information in the case at bar.

A deputy sheriff of Whatcom county, a police officer of Bellingham, and the sheriff of San Juan county called at the home of appellant in Deer Harbor, January 11, 1941. To their inquiry whether he had any property which he had purchased from or that had been presented to him by Valmore Duval, appellant answered that he had not received by purchase or gift any property from his brother-in-law, Valmore Duval. A search disclosed a washing machine and radio, stolen property which appellant had obtained from Duval. Appellant and his wife admitted that they acquired that property from Duval. As the officers departed from appellant's home, he and his wife declared that they had nothing else in their possession which they had received from Duval.

The next night appellant placed the stolen tools he had purchased from Duval into sacks which he dumped

into the bay. The following day a deputy sheriff of Whatcom county, Joseph Goodwin from whom the tools were stolen by Duval, and the sheriff from San Juan county, and one of his deputies again visited appellant's home. They informed appellant that they had reason to believe he had other stolen property he had received from Duval. Appellant and his wife again denied receipt by them of any property from Duval. Finally, however, appellant admitted he obtained the tools from Duval but that he threw them into the bay the previous night. He further stated that he desired to return the tools, as he knew they were stolen, but after a conference with his wife on the subject he became apprehensive that by surrender of the tools the troubles of the Duvals would be thereby increased.

About the only question for the jury to determine was whether appellant had knowledge that the tools were stolen property at the time he purchased same. Clearly, there was sufficient competent evidence which warranted the jury's affirmative answer to that question.

Counsel for appellant next complain that, when passing on motion for directed verdict, the court mistakenly placed the burden upon appellant to establish all the facts consistent with his innocence.

The court's observation, that "all the circumstances have to be consistent with the hypothesis of innocence," was not prejudicial, as it was made in the absence of the jury. Also, there was sufficient competent evidence on which the jury could determine whether appellant had knowledge that the tools were stolen at the time he purchased same. Counsel for appellant correctly state the rule, which is as follows, but the court's error in regard thereto was not prejudicial to appellant:

"Unless the facts are such as to exclude to a moral certainty any hypothesis but that of the guilt of the accused, the evidence is insufficient." *State v. Willis,* 153 Wash. 323, 326, 279 Pac. 578.

Finally, counsel for appellant contend that the last sentence of instruction No. 11, which we have italicized, was prejudicially erroneous.

"Simply to buy and sell stolen property is not a crime, and in order to make it a crime the State must prove beyond a reasonable doubt that the purchaser knew at the time of the purchase that it was stolen property. So you are instructed that one of the essential ingredients of this crime is knowledge on the part of the buyer or receiver, that goods have been stolen, and this knowledge must exist at the time of the purchase or receipt of the goods. This, however, need not be such direct knowledge as comes from witnessing the theft. It is sufficient that the circumstances were such accompanying the transaction as to make the defendant believe the goods had been stolen. *It may be inferred from the knowledge of such other facts as should put an ordinarily prudent person upon inquiry.*"

It is argued that the last sentence of the instruction changed the basis for conviction from proof of actual knowledge or belief of the appellant to proof of mere negligence of the appellant in failing to ascertain the true nature of the goods purchased, and that by so doing the trial court disregarded the rule enunciated in *State v. Rubenstein,* 69 Wash. 38, 124 Pac. 135.

In the case cited, the court instructed the jury as follows:

" 'You are instructed in this case that the following facts must be established beyond a reasonable doubt by the state in order to convict the defendant of the crime charged in the information: 1st, it must be established that the goods, or some of them, described in the information had, in fact by some person known, or unknown, been stolen, in King county, Washington;

2nd, that the said goods had been received by the defendant and that at the time he knew that the same were stolen. In this connection, I instruct you that knowledge of any particular fact may be inferred from the knowledge of such other facts as would put an ordinary prudent man upon inquiry, and it therefore is incumbent upon the state to prove in this case, beyond a reasonable doubt, either that the defendant had actual knowledge that the property was stolen, or that he was in possession of facts and circumstances which would put an ordinary, prudent man upon inquiry.' "

We concluded in *State v. Rubenstein, supra,* that the language "that he was in possession of facts and circumstances which would put an ordinary, prudent man upon inquiry" did not correctly state the rule. The vice of the instruction in *State v. Rubenstein, supra,* was that the right was withdrawn from the jury of drawing the inference; the jury was bound in such a manner that they could not exercise their judgment. We said:

"While the statute provides that knowledge of any particular fact may be inferred from the knowledge of such other facts as should put an ordinarily prudent man upon inquiry, it is not meant to be asserted thereby that the jury, in a case where knowledge is an essential element of a crime, may find that the accused had such knowledge on evidence that does not convince them of the fact beyond a reasonable doubt. The jury, if they find that the accused had knowledge of facts that should put a reasonable man upon inquiry as to a particular fact, may infer therefrom that he had knowledge of the particular fact, but they are not obligated to draw the inference."

We were careful to say in *State v. Rubenstein, supra,* that the jury might properly have been instructed that they could infer that the defendant had such knowledge from proof of other facts, but they should have been left to draw the inference themselves, and in-

structed unqualifiedly that, in order to find the defendant guilty, the evidence must convince them beyond a reasonable doubt that the defendant had knowledge at the time he received the property that same was stolen property. This was done in the case at bar. The instruction was not erroneous.

The judgment is affirmed.

ROBINSON, C. J., MAIN, STEINERT, and DRIVER, JJ., concur.